IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


WAYNE GOLLIHEAIR,

      Plaintiff,

vs.                              No.    2:16-CIV-00795-MCA/LAM


PAUL BRIGHTWELL, INDIVIDUALLY,
BRIGHTWELL DIRT WORKS COMPANY,
INC., an Oklahoma Company doing business
in New Mexico,
      Defendants.


**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S UNOPPOSED**

**MOTION TO ALLOW FILING OF SECOND AMENDED COMPLAINT**

**THIS MATTER** comes before the Court on Plaintiff's *Unopposed Motion to Allow Filing of Second Amended Complaint* [Doc. 20] filed on October 19, 2016. Having considered the pleadings of record, the relevant law, and otherwise being fully advised in the premises, the Court finds that Plaintiff's *Motion* is not well taken.

**Background**

Plaintiff Wayne Golliheair (Plaintiff) filed a *Complaint for Damages, Rescission and Other Relief* (*Complaint*) in the Seventh Judicial District Court in May, 2016. [Doc. 1-1] The *Complaint* included claims for unfair trade practices; innocent, negligent and

fraudulent misrepresentation; breach of contract; restitution and unjust enrichment; breach of duty of good faith and fair dealing; and conversion against defendants Paul Brightwell and Brightwell Dirt Works Company, Inc. (Defendants).  [Doc. 1-1] Defendants removed the case to this Court based on diversity of the parties and an amount in controversy exceeding $75,000.  [Doc. 1]  *See* 28 U.S.C. § 1441(b)(1).  Plaintiff filed an *Amended Complaint for Damages, Rescission and Other Relief* (*Amended Complaint*) in July, 2016, and Defendants answered.  [Doc. 5; Doc. 6]

On October 19, 2016, Plaintiff filed an *Unopposed Motion to Allow Filing of Second Amended Complaint* [Doc. 20].  The *Second Amended Complaint* includes a third defendant, 4Rivers Equipment, LLC (4Rivers), and a claim for declaratory judgment and injunctive relief related to 4Rivers.  [Doc. 20]

**Analysis**

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading by leave of the court after a responsive pleading is served, and provides that leave shall be freely given when justice so requires.

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing cases).

Rule 15(a) applies to a motion to add a party. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993). The inclusion of a claim based on facts already known to both sides does not prejudice the non-moving party. *See Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000). An adverse party's burden of undertaking discovery also does not warrant denial of a motion to amend a pleading. *See Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 526 (8th Cir. 2000). If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, a plaintiff ought to be afforded an opportunity to test her claim on the merits. *See Foman*, 371 U.S. at 182.

While these authorities weigh in favor of granting Plaintiff leave to amend his *Complaint*, the Court will nevertheless deny Plaintiff's *Motion* because it is unclear from the *Second Amended Complaint* whether this Court will have jurisdiction over it.

Defendants removed this case to this Court on the ground that there was complete diversity among the parties and the amount in controversy is over $75,000. *See* 28 U.S.C. § 1332. [Doc. 1, 7] The parties named in the *Complaint* and *Amended Complaint* [Doc. 1-1; Doc. 5] were Plaintiff, a New Mexico resident [Doc. 5], Paul Brightwell, a citizen and resident of Oklahoma, [Doc. 1] and Brightwell Dirt Works Company, Inc., an Oklahoma corporation. [Doc. 5] Plaintiff has not filed a motion for remand. However, "[i]n every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action." *United States v. Pinkard Const. Co.*, No. CIV. 09-CV-00491-PAB, 2009 WL 2338116, at *2 (D. Colo.

July 28, 2009); *see* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

In the proposed *Second Amended Complaint*, Plaintiff describes 4Rivers as "a New Mexico corporation," [Doc. 20, pg. 6] but elsewhere in the *Second Amended Complaint* indicates that 4Rivers is a limited liability company. [Doc. 20, pg. 3, 5, 16] For purposes of subject matter jurisdiction, the difference between corporations and limited liability companies is critical. Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." In contrast, "[United States] Supreme Court precedent makes clear that in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) (internal quotation marks and citation omitted); *see Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016) (affirming the Tenth Circuit's holding that "the citizenship of any 'non-corporate artificial entity' is determined by considering all of the entity's 'members,' which include, at minimum, its shareholders." (internal quotation marks and citation omitted)). Thus, if 4Rivers is a New Mexico corporation, addition of 4Rivers as a defendant will destroy complete diversity of the parties and this Court's jurisdiction over this matter. 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit

4

joinder and remand the action to the State court."). On the other hand, if 4Rivers is a limited liability company *and* all of its members are citizens of states other than New Mexico, complete diversity, and this Court's jurisdiction, will be preserved.

Given the uncertainty as to the effect on this Court's jurisdiction engendered by Plaintiff's proposed *Second Amended Complaint*, the Court will deny Plaintiff's *Unopposed Motion to Allow Filing of Second Amended Complaint* without prejudice, pending clarification of the matter raised here.

**IT IS, THEREFORE, ORDERED** that Plaintiff's *Unopposed Motion to Allow Filing of Second Amended Complaint* is **DENIED** without prejudice.

**SO ORDERED** this 21st day of November, in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief United States District Judge